CONNOR *v.* LEVINSON.[1]

1. EVIDENCE—FRAUD—DAMAGES—INSTRUCTIONS.

In an action for fraudulently inducing plaintiff to sell a stock of goods for a small part of its value in money and a watch and chain, witnesses who had examined the goods a month before the sale were permitted to testify as to their value. This testimony was supplemented by that of other witnesses, who had examined the stock a day or two before the sale. The circuit judge instructed the jury that, in case they found for plaintiff, the measure of damages would be the actual value of the property at the time of the sale, less the money paid and the value of the watch and chain. *Held,* that there was no error.

2. SAME—WITNESSES—PARTIES IN INTEREST.

Evidence that third persons paid the fees of a witness for plaintiff, who, though not subpœnaed, came from a distance to attend the trial, is incompetent to show that plaintiff is not prosecuting the suit.

Error to Charlevoix; Corbett, J. Submitted November 4, 1897. Decided December 15, 1897.

Case by John Connor against Julius H. Levinson for fraudulently obtaining a stock of goods. From a judgment for plaintiff, defendant brings error. Affirmed.

*Pailthorp & McCabe* ( *M. V. Montgomery*, of counsel), for appellant.

*A. D. Cruickshank, F. W. Mayne*, and *R. W. Kane*, for appellee.

MOORE, J. Defendant appeals from a judgment obtained against him by plaintiff in a proceeding in which plaintiff claims that, when so intoxicated that he was incapable of intelligently transacting business, he was

---

[1] Rehearing denied March 22, 1898.

induced to make a bill of sale to defendant of a stock of boots and shoes and a store building and fixtures, worth five or six thousand dollars, for $900 in money, and a watch and chain represented to be made of California gold, which were in fact made of base metal. A good many assignments of error are made which we cannot consider, as the bill of exceptions does not purport to contain all of the testimony upon any branch of the case except the testimony in relation to the value of the stock. It is necessary to consider but two of the assignments of error.

The sale was made on the morning of July 8th. To show the value of the stock of goods, plaintiff introduced a witness who had examined it June 5th, and another who had examined it June 12th, previous to the sale. Objection was made to the admission of this testimony, upon the ground that it was too remote. Plaintiff supplemented this testimony by that of witnesses one of whom examined the stock the day before the sale, and another two or three days before the sale. The defendant offered evidence upon the question of the value of the stock. Upon that feature of the case the court charged the jury that, in case they found a verdict for plaintiff,—

"The measure of damages will be the actual value of the property upon the 8th day of July last, less the money and the value of the watch and chain received by the plaintiff on that occasion. From the actual value of the property at the time of entering into this contract upon the 8th day of July last, if you find for the plaintiff, you will take the value of the watch and chain and money received,—the $900,—less the amount of the taxes, and the value of the watch, whatever you may find it to be."

We think the testimony was competent, and that the jury were properly instructed in relation to the effect of the testimony.

Mr. Cotton was sworn as a witness for the plaintiff. On his cross-examination the following occurred:

"Q. How long have you been here on this case?
"A. I came Monday morning.

"*Q.* At whose request?

"*A.* I came by telegraph from Mr. Kane, to represent my house here.

"*Q.* Who paid your fees as witness here?

"*Mr. Cruickshank:* To that I object, as immaterial and incompetent.

"*Mr. Pailthorp:* We think it appears from the evidence here so far that the plaintiff, Connor, is having but very little to do with this case; and I think it important to know who is looking after this case in the name of Connor, and who is paying expenses of these witnesses from Ohio and other places at a distance.

"*Court:* The objection is sustained.

"*Mr. Pailthorp:* Note an exception.

"*Q.* Were you subpœnaed?

"*A.* I was not."

It is now said that it was the right of defendant to ascertain by interrogating witnesses, who assumed to testify on behalf of plaintiff, whether the suit was being prosecuted by plaintiff or some one else without the consent of plaintiff. Conceding that the defendant had a right to show, if he could, that plaintiff was not prosecuting the suit, we do not see how an answer to the question put to the witness would throw any light upon that subject. If the question had been put to the witness for the purpose of showing his interest or bias, we think it would have been competent, and the court would doubtless have permitted an answer if that reason had been assigned. Mr. Cruickshank had testified to his employment by Mr. Connor to commence and prosecute this suit. The answer to the question put to the witness, if permitted, would not tend to contradict this testimony.

Judgment is affirmed.

The other Justices concurred.